Lavern **MEINECKE, Plaintiff-Appellant,**

v.

**STATE FARMERS MUTUAL INSURANCE COMPANY OF MISSOURI and Farmers Mutual Fire Insurance, Defendants-Respondents.**

**No. KCD 27055.**

Missouri Court of Appeals, Kansas City District.

July 7, 1975.

R. Leroy Miller, R. Max Humphreys, Allan D. Seidel, Miller & Humphreys, Trenton, for plaintiff-appellant.

William J. Esely, Bethany, for defendants-respondents.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and SWOFFORD, J.

PER CURIAM.

Plaintiff brought suit against defendant insurance companies on a policy of insurance to recover the value of certain cattle which plaintiff alleged had been stolen. The insurance policy insured plaintiff against loss by theft but such policy specifically excluded "loss caused by or resulting from mysterious disappearance".

The parties waived a jury and submitted the cause to the court as against Farmers Mutual Fire Insurance Company only. The court found for the defendant insurance company and plaintiff perfected this appeal.

There is no dispute concerning the facts. Plaintiff rented 160 acres on which he placed 25 cows, 25 calves and 1 bull. The pasture was described as being partially timber covered and divided by a fairly wide creek. Plaintiff normally checked on these cattle about once or twice a week, and about the middle of November, 1971, first discovered a shortage in the number of cattle. The creek was up and plaintiff did not make a thorough check at that time but within two or three days thereafter was able to check the entire pasture and found 10 cows and 11 calves were missing. Plaintiff checked in the general vicinity of the pasture to see if he could find the missing cattle, and also checked sale barns in the vicinity to no avail. He placed an ad in the newspaper reading: "Lost, strayed or stolen, 10 head cows, 11 calves" and gave plaintiff's name and phone number for anyone having knowledge to contact. The plaintiff also notified the sheriff of the missing cattle and stated to him such cattle had been missing for anywhere from three to six weeks. Plaintiff testified a gate between the pasture on which his cattle were located and an adjoining pasture was fastened with a new piece of wire, but he was unable to determine if there were any cattle tracks around this gate because of the grass. Plaintiff was also unable to tell if there were any recent automobile or truck tire marks around the gate leading from the pasture to the road, this despite the fact there was a short distance of gravel between the gate and the blacktop road. A neighbor who lived on the blacktop road, which was a dead-end road leading only to the gate and to the pasture where plaintiff's cattle were kept, testified he had seen no strange persons or vehicles using the road and further stated he had been gone from home very seldom and certainly would have seen any strangers using this road.

Plaintiff stated some of his cattle had left this pasture through a water gap fence about a month prior to the time he missed the cattle in question here. He further stated the water gaps would frequently be washed out when the creek rose.

The facts in this case are practically identical with the facts in *Gifford v. M.F.A. Mutual Insurance Company*, 437 S.W.2d 714 (Mo.App.1969) in which this court held under a policy with identical coverage and exclusions with the one in this case, that the burden was on the plaintiff to prove his cattle had been stolen. In *Gifford* this court held plaintiff's evidence did not prove theft but showed only mysterious disappearance. On the identical facts in this

**444**

case, the ruling in *Gifford* is controlling. No error of law appears and an extended opinion would have no precedential value. The judgment is, therefore, affirmed. Rule 84.16(b), V.A.M.R.